[Cite as *In re E.S.*, 2022-Ohio-2253.]

STATE OF OHIO     )               IN THE COURT OF APPEALS
                      )ss:            NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT     )

IN RE: E.S.
        K.S.
        G.S.

C.A. No.      30151

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE Nos.     DN 15-05-305
                  DN 15-05-306
                  DN 15-05-307

DECISION AND JOURNAL ENTRY

Dated: June 30, 2022

---

SUTTON, Judge.

**{¶1}** Appellant, J.S. ("Mother"), appeals from a judgment of the Summit County Court of Common Pleas, Juvenile Division, that placed her minor children in the legal custody of the paternal grandfather and step-grandmother ("Grandparents"). This Court affirms.

I.

**{¶2}** Mother is the biological mother of E.S., born December 3, 2012; K.S., also born December 3, 2012; and G.S., born May 11, 2015. The father of the children is deceased.

**{¶3}** During May 2015, Summit County Children Services Board ("CSB") filed a complaint, alleging that the three children were abused and dependent because Mother had overdosed on heroin and had a long history of drug abuse and domestic violence in her relationship with the children's father. The children were later adjudicated abused and dependent children and

were placed in the temporary custody of the maternal grandmother under the protective supervision of CSB.

{¶4} Mother made progress on the reunification goals of the case plan during the first year of the case, so temporary custody was extended for six months. On July 25, 2016, upon the motion of CSB, the children were placed in Mother's temporary custody under an order of protective supervision.

{¶5} Mother later remedied the agency's concerns about her parenting ability. Notably, she had achieved a sustained period of sobriety and had developed a network of people to support her in abstaining from substance abuse. On October 12, 2016, CSB moved to have the children placed in Mother's legal custody and to terminate the order of protective supervision. Shortly afterward, the trial court placed the children in Mother's legal custody, terminated the order of protective supervision, and docketed the case as closed.

{¶6} On December 19, 2019, Grandparents moved for legal custody of E.S., K.S., and G.S. They alleged that the police had removed the children from Mother's home because Mother had overdosed on heroin in the presence of the children, which had required numerous doses of Narcan to revive her, and Mother was hospitalized afterward. Grandparents also alleged concerns that, prior to the overdose, Mother had not been meeting the children's basic needs. By a later agreement of the parties, Grandparents were granted emergency custody of the children.

{¶7} At the first status hearing after the Grandparents received emergency custody of the children, CSB appeared and reported to the court that it believed that the children were safe with Grandparents and that the agency would no longer be involved in this case. Maternal grandmother was later granted leave to intervene, and she also filed a motion for legal custody of the children. Mother also sought return of the children to her legal custody. During December 2020 and January

2021, an evidentiary hearing was held before a magistrate on the competing motions for legal custody.

{¶8} Following the hearing, the magistrate issued a decision that placed the children in Grandparents' legal custody. The magistrate applied the test set forth in R.C. 2151.42(B) to Grandparents' motion for a change of legal custody, which applies to the modification or termination of existing orders of legal custody following an adjudication of abuse, neglect, and/or dependency. The magistrate decided that there had been the requisite change in circumstances of Mother and the children and that legal custody to Grandparents was in the children's best interest. *See* R.C. 2151.42(B).

{¶9} Mother filed objections to the magistrate's decision. She did not argue that the magistrate had applied the wrong legal standard to Grandparents' motion. Instead, she argued that Grandparents had failed to prove the requisite change in circumstances under R.C. 2151.42(B) or that legal custody to Grandparents was in the best interest of the children.

{¶10} On September 13, 2021, the trial court overruled the objections and placed E.S., K.S., and G.S. in the legal custody of Grandparents. Mother appeals and raises three assignments of error.

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT ERRED IN APPLYING AN IMPROPER AND INCORRECT LEGAL STANDARD IN DETERMINING AND GRANTING [GRANDPARENTS'] COMPLAINT FOR LEGAL CUSTODY BASED ON A "BEST INTEREST" STANDARD WITHOUT THE ABSOLUTE REQUIREMENT TO FIRST ESTABLISH [MOTHER'S] "UNSUITABILITY" OR "UNFITNESS" PRIOR TO CONSIDERING WHETHER TO AWARD LEGAL CUSTODY TO A NON-PARENT.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN GRANTING LEGAL CUSTODY TO NON-PARENT THIRD PARTIES ABSENT THE REQUIREMENT THAT [GRANDPARENTS] ESTABLISH "UNSUITABILITY" AS REQUIRED UNDER [*IN RE PERALES*, 52 OHIO ST.2D 89 (1977)] AND THE SUBSEQUENT CASE LAW DEVELOPED THEREAFTER. THE REFUSAL TO ADHERE TO THE CORRECT LEGAL STANDARD WAS REPUGNANT TO THE DUE PROCESS RIGHTS AFFORDED TO [MOTHER] UNDER THE UNITED STATES AND STATE OF OHIO CONSTITUTIONS.

{¶11} This Court will consolidate Mother's first two assignments of error because they both challenge the legal standard the trial court applied to determine whether to terminate or modify the prior award of legal custody to Mother. The trial court applied the standard set forth in R.C. 2151.42(B), which provides, in relevant part:

> A court shall not modify or terminate an order granting legal custody of a child unless it finds, based on facts that have arisen since the order was issued or that were unknown to the court at that time, that a change has occurred in the circumstances of the child or the person who was granted legal custody, and that modification or termination of the order is necessary to serve the best interest of the child.

*See also In re I.S.*, 9th Dist. Summit No. 24763, 2009-Ohio-6432, ¶ 8-18 (holding that the standard set for in R.C. 2151.42(B) applied to analogous facts).

{¶12} To preserve this issue for appellate review, however, Mother was required to comply with Juv.R. 40(D). Juv.R. 40(D)(3)(b)(iv) provides, in relevant part, that "[e]xcept for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion * * * unless the party has objected to that finding or conclusion as required by Juv.R. 40(D)(3)(b)."

{¶13} Mother raised an objection to the magistrate's decision, but she did not assert that the magistrate had applied the wrong legal standard. In fact, the only argument raised in her objection was that the evidence presented at the hearing did not support the magistrate's conclusion

that Grandparents had established the R.C. 2151.42(B) standard in this case. Specifically, she asserted that the evidence failed to demonstrate that there had been a requisite change in circumstances or that legal custody to Grandparents was in the children's best interest. Because Mother has not argued or demonstrated on appeal that the trial court committed plain error by utilizing the change of custody standard set forth in R.C. 2151.42(B), her first and second assignments of error are overruled.

**ASSIGNMENT OF ERROR III**

> THE TRIAL COURT ERRED WHEN IT FOUND A CHANGE OF CIRCUMSTANCES NECESSARY FOR CONSIDERATION OF [GRANDPARENTS'] COMPLAINT FOR LEGAL CUSTODY SOLELY BECAUSE THE CHILDREN AND [MOTHER] HAD TO BE PLACED OUTSIDE THE HOME DUE TO MOTHER'S DRUG RELAPSE WHEN MOTHER WAS KNOWN TO BE IN DRUG REHABILITATION AND THERAPY AT THE TIME OF THE DISPOSITIONAL ORDER GRANTING HER CUSTODY AND THE FOREGOING CIRCUMSTANCES WERE NOT SUFFICIENT IN CHARACTER TO DENY [MOTHER'S] REQUEST FOR RETURN OF THE CHILDREN TO HER LEGAL CUSTODY.

**{¶14}** Mother's third assignment of error is that the trial court erred by finding that there had been the requisite change in circumstances under R.C. 2151.42(B). The evidence before the trial court demonstrated that shortly before Grandparents moved for legal custody of the children in December 2019, Mother overdosed on heroin in front of the children, which required hospitalization and several doses of Narcan to treat her.

**{¶15}** Mother's relapse to heroin use constituted a change in the circumstances of Mother and the children because Mother was no longer maintaining her sobriety. The children had been removed from Mother's custody during 2015 because of her addiction to heroin. It was only after Mother worked a case plan for more than one year and achieved a sustained period of sobriety that the juvenile court allowed the children to return to her custody. At the time of her December 2019 relapse, Mother claimed to have been sober for over four years.

{¶16} Moreover, Mother's heroin overdose in December 2019 was not a one-time relapse from her extended period of sobriety. After her 2019 overdose, CSB was no longer involved in this case and Mother was not required to work a case plan. Mother engaged in some sober support services on her own but did not reengage in a drug treatment program until nine months later, after she was ordered to do so by a criminal court in a case in which she was charged with criminal trespass.

{¶17} Because Mother was not involved in drug treatment or drug testing during most of this phase of the case, the primary evidence about her drug use came from her own admissions. She admitted at the hearing that she relapsed again in late August 2020 and used heroin numerous times over a four-day period. Although she had also testified that she had a developed a strong network of sober support people, Mother did not reach out to any of them for support to help prevent her second, multi-day relapse in August. Mother also failed to tell the guardian ad litem about the August relapse until more than a month after it happened. She ultimately entered a drug detoxification program and later began a medically assisted drug treatment program.

{¶18} The totality of the circumstances surrounding Mother's repeated relapses, including her failure to reengage in drug treatment in a timely manner or to reach out to her sober support network, demonstrated that Mother's drug addiction, which had been in sustained remission in 2015, was no longer under Mother's control. Therefore, the trial court did not err in finding a change in circumstances to justify terminating the prior order of legal custody under R.C. 2151.42(B). Mother's third assignment of error is overruled.

III.

{¶19} Mother's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas, Juvenile Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETTY SUTTON
FOR THE COURT

HENSAL, P. J.
CARR, J.
CONCUR.

APPEARANCES:

DAVID M. LOWRY, Attorney at Law, for Appellant.

BRENDON KOHRS, Attorney at Law, for Appellees.

CHRISTINE FINAN, Attorney at Law, for Appellee.